# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| N.F., | ) |
|     Plaintiff. | ) |
| v. | ) Case No.  5:14-cv-01158-RDP-HGD |
| KIM T. THOMAS, | ) |
|     Defendant. | ) |

## MEMORANDUM OF OPINION

The Magistrate Judge filed a Report and Recommendation on March 2, 2015, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted. (Doc. 11). Plaintiff filed objections to the Report and Recommendation on March 16, 2015. (Doc. 12).

Plaintiff objects to the Magistrate Judge's conclusion that his ADA and Rehabilitation claims are barred by the applicable statute of limitations.[1] (Doc. 12 at 1). Plaintiff contends that he suffers from PTSD and "due to his mental instability

---

[1] Plaintiff does not expressly object to the Magistrate Judge's determination that his claims against Defendant Thomas, in his official capacity for monetary relief, are barred by the Eleventh Amendment. Neither does Plaintiff dispute that HIPAA does not create a private cause of action and, therefore, his claim that his medical condition has been exposed on the internet and by word of mouth in violation of HIPAA is due to be dismissed.

and serious medical needs," he was unable to timely present his claims. (Doc. 12 at 1). Plaintiff also alleges he has been prescribed "psychotropic medications" which made it difficult to file a lawsuit and he has had to rely on another inmate for legal assistance. (*Id.*). Plaintiff argues that his claims should be allowed to proceed "due to excusable neglect." (*Id.*).

"[E]quitable tolling is appropriate only in 'extraordinary circumstances,' and [the plaintiff] bears the burden of showing equitable tolling is warranted." *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). Moreover, "'[e]quitable tolling is appropriate when a movant untimely files [his complaint] because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000) (internal citations omitted). Equitable tolling does not extend to a "'garden variety claim of excusable neglect.'" *Justice v. United States*, 6 F.3d 1474, 1479-80 (11th Cir. 1993) (citing *Irwin v. Dep't of Veterans' Affairs*, 498 U.S. 89, 96 (1990)).

Upon review of the pleadings and supporting documents, it appears Plaintiff knew prison officials were segregating him from other inmates due to his medical condition as early as 1998 but failed to file the instant suit until 2014. Plaintiff's claims that he suffered from "mental instability" and was prescribed psychotropic

medications which made it difficult for him to file a lawsuit do not justify tolling the statute of limitations. (Doc. 12 at 1). A review of the court's records reveals Plaintiff filed three (3) lawsuits in this court between 2000 and 2002.[2] Taking as true Plaintiff's allegations that prison officials segregated him from other inmates in 1998, the limitations period for Plaintiff's ADA and Rehabilitation Act claims would have expired in 2000. However, the fact Plaintiff filed at least three (3) lawsuits between 2000 and 2002 indicate, at the very least, he was capable of filing the present action much sooner than 2014. Based on the foregoing, there is no extraordinary circumstance warranting tolling the statute of limitations for such an extended length of time.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the court is of the opinion that the Magistrate Rudge's Report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

---

[2] *See* Case No. 5:00-cv-00193-HGD, Case No. 2:02-cv-00127-CLS-HGD, and Case No. 2:02-cv-02242-ELN-HGD.

**DONE** and **ORDERED** this \_\_\_\_24th\_\_\_\_ day of March, 2015.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE